IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TANJA LAVERNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 24-0013-TFM-MU |
| | ) | |
| MARCUS BRAKEFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Quash Service and to Dismiss Complaint filed by Defendant Jeff Moore (Doc. 3), the Motion to Dismiss filed by Defendant Marcus Brakefield (Doc. 6), and the Motion to Dismiss and Quash Service and accompanying brief filed by Defendants Sarah Lutz and Joseph Reed (Docs. 8, 9). Even though ordered to do so, Plaintiff did not file a response to any of these motions. (*See* Docs. 5, 10, 11 and Docket Sheet). These motions have been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(S). Upon consideration of all relevant filings in this case and the applicable law, the undersigned recommends that Defendants' motions to dismiss be **GRANTED** for the reasons set forth below.

## I. BACKGROUND

Plaintiff Tanja LaVerne Smith, proceeding *pro se*, filed her one-page complaint against Defendants in the Circuit Court of Perry County, Alabama, on December 14, 2023. (Doc. 1; PageID. 8). The summonses Plaintiff caused to be issued and served by certified mail in this case on that same date were addressed to Defendants as follows: Marcus Brakefield, 730 Energy Ctr. Blvd., Suite 1420F, Northport, AL 35476; Jeff

Moore, 30E 7th St. Suite 1600, St. Paul, MN 55101; Sarah Lutz, 260 Trace Colony Park Dr., Ridgeland, MS 39157; and Joseph Reed, 700 U.S. HWU 80, Demopolis, AL 36732. (Doc. 1, PageID. 9-12).

Plaintiff's complaint is entitled "CIVIL RIGHTS VIOLATED 42 USC ss 1983" and names the four individuals listed above as the only defendants. (Doc. 1, PageID. 8). Plaintiff alleges that the actions of these four defendants "have resulted in the wrongful foreclosure of [her] property located at 12560 Coretta Scott King Hwy Marion Ala 36756 which is a clear violation of [her] constitutional rights." (*Id.*). She does not support this conclusory statement by describing any actions taken by these four defendants. She mentions that "§ 1983 provides a remedy for individuals whose constitutional rights have been violated by state actors," but she does not allege that any of the four defendants is a state actor. (*Id.*). She also requests that defendants provide an accounting ledger for her account and demands that they "cease all efforts to sell her property and take all necessary steps to correct the wrongful foreclosure." (*Id.*). She states that if they fail to do so, she "will be forced to take legal actions to protect [her] rights." (*Id.*).

Because Plaintiff brought this action against Defendants, pursuant to § 1983, Defendant Brakefield, with the consent of the other defendants, removed this action to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441, on January 12, 2024. (Doc. 1, PageID. 1-3). Thereafter, Defendants filed the instant motions to dismiss.

## II. <u>STANDARD OF REVIEW</u>

Defendants Lutz and Moore seek dismissal of Plaintiff's action against them, pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction. "As a general rule, courts should address issues relating to personal jurisdiction before

reaching the merits of a plaintiff's claims, as a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Agundis v. Rice*, Civ. A. No. 16-0122-CG-B, 2017 WL 1293060, at *4 (S.D. Ala. Feb. 22, 2017) (citations omitted).

Defendants Lutz, Reed, and Moore seek dismissal, pursuant to Rule 12(b)(5), based on insufficient service of process. As United States District Court Judge L. Scott Coogler of the Northern District of Alabama recently observed:

> A Rule 12(b)(4) or 12(b)(5) motion to dismiss challenges the court's personal jurisdiction over a defendant for insufficient process and insufficient service of process respectively. To invoke the court's personal jurisdiction on a defendant requires service of process; so, if a plaintiff fails to properly serve a defendant according to one of the methods of service in Rule 4, the court will, on a timely motion, dismiss all claims against the defendant. And, when a defendant challenges service of process, ***the plaintiff bears the burden of showing that the defendant was properly served under Rule 4.***

*Bridges v. Poe*, No. 6:19-CV-01399-LSC, 2020 WL 3207278, at *1 (N.D. Ala. June 15, 2020) (internal citations omitted) (emphasis added). "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merch. Marine Co. v. Grand China Shipping (Hong Kong) Co.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). A "Court may consider [documents outside the pleadings] when determining whether [an action] should be dismissed for insufficient service of process." *Ford v. Navika Capital Grp., LLC*, No. CV 14-00311-KD-C, 2016 WL 1069676, at *8 (S.D. Ala. Mar. 17, 2016) (*citing Foster v. Bridgestone Ams. Inc.*, No. 11-0175-WS-N, 2011 WL 3606983, at *1 n.2 (S.D. Ala. Aug. 15, 2011) ("In the context of a Rule 12(b)(5) motion such as that presented here, courts routinely consider matters outside the four corners of the pleadings to ascertain whether service of process has been properly completed.").

The fact that Plaintiff is proceeding *pro se* does not excuse any failure on her part to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (affirming dismissal of *pro se* action for insufficient service of process, noting that *pro se* litigants are required to conform to procedural rules); *Loren v. Sasser,* 309 F.3d 1296, 1304 (11thCir. 2002) (holding that "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules"). "Once a pro se … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Finally, Defendants Brakefield, Lutz, and Reed seek dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim under § 1983. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In

determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.;* *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. LEGAL ANALYSIS

#### A. Defendants Moore and Lutz

Defendants Moore and Lutz assert that this Court lacks personal jurisdiction over them, and therefore, Plaintiff's claims against them are due to be dismissed. Plaintiff did not file a response to Defendants' motions and did not set forth any grounds in support of this Court's personal jurisdiction over these defendants in her complaint; therefore, the facts supporting these Defendants' argument are uncontested.

"When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be determined by state amenability standards, or the long-arm statute." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Because there is no nationwide service of process provision for § 1983 claims, Rule 4(e) requires the Court

to determine this issue under Alabama's long-arm statute. *See id.* at 856; *Riley v. Cardozo*, Case No. 3:16-cv-961-J-34MCR, 2017 WL 2799900, at *4 (M.D. Fla. June 28, 2017) (citing *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008)). The limits of long-arm jurisdiction under Alabama's long-arm statute are coextensive with due process under federal law; therefore, the Court need only consider whether its exercise of personal jurisdiction over Moore and Lutz in this case comports with the Due Process Clause of the Fourteenth Amendment. *See Vascular Ventures, LLC v. American Vascular Access, LLC, C*iv. A. No. 16-00481-KD-B, 2016 WL 7471642, *7 (S.D. Ala. Dec. 7, 2016) (citing Ala. R. Civ. P. 4.2; *Frye v. Smith*, 67 So. 2d 882, 892 (Ala. 2011)).

The bounds of jurisdiction over a non-resident defendant are in accord with due process if the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Since *International Shoe*, two categories of personal jurisdiction have arisen: general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984).

"General personal jurisdiction arises 'when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts.'" *HomeBingo Network, Inc. v. Chayevsky,* 428 F. Supp. 2d 1232, 1241 (S.D. Ala. 2006) (quoting *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (citations omitted); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003)). "Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,'

principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. (citation omitted). "A defendant is constitutionally amenable to a forum's specific jurisdiction if it possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1545 (11th Cir. 1993) (quoting *Int'l Shoe*, 326 U.S. at 316). The non-resident defendant's contacts must meet three criteria to constitute sufficient minimum contacts with the forum:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum …, thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."

*Id.* at 1456 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)) (internal citations omitted).

As discussed above, the plaintiff must show that the non-resident defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities" for the Court to exercise specific jurisdiction over the non-resident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations omitted). While the Eleventh Circuit does not use "mechanical or quantitative" tests to determine relatedness, it has held that "the causal nexus between the tortious conduct and the purposeful contact must be such that the out-of-state resident will have 'fair warning that a particular activity will subject [it] to the jurisdiction of a foreign sovereign …." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009) (quoting *Burger King*, 471

7

U.S. at 472 (citation omitted; alteration in original). "The defendant's contacts with the forum must be related to the 'operative facts of the controversy.'" *Smarter Every Day, LLC v. Nunez*, Case No. 2:15-cv-01358-RDP, 2017 WL 1247500, *3 (N.D. Ala. Apr. 5, 2017) (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 n.3 (11th Cir. 2008)).

In this case, as noted above, Plaintiff filed a one-page complaint against four listed defendants, including Moore, whose address is listed in the complaint as being in St. Paul, Minnesota, and Lutz, whose address is listed as being in Ridgeland, Mississippi. The other two defendants, Brakefield and Reed, have Alabama addresses listed in the complaint. In her complaint, Plaintiff does not link her claims to any specific defendant and simply states that their "actions have resulted in the wrongful foreclosure of my property located at 12560 Coretta Scott King Hwy Marion Ala 36756 which is a clear violation of my constitutional rights." (Doc.1, PageID. 8). Plaintiff does not describe any specific actions taken by any individual defendant and does not even state how these individuals are linked to her or her property, which is located in Marion, Alabama. (*Id.*).

Lutz lives in the state of Mississippi; she does not own, use, lease, or possess any real property within the state of Alabama; and she does not have a telephone number, bank account, or mailing address in the state of Alabama. (Doc. 9-1, Declaration of Sarah Lutz; PageID. 73-74). The only contact Lutz has ever had with Plaintiff was when Plaintiff sent her a single email in July 2023, and she has never initiated any contact with Plaintiff. (*Id.*). Moore lives and works in the state of Minnesota; he has never resided in Alabama; he does not have business or business activities in Alabama; he holds no assets in Alabama; he is the Chief Financial Officer of AgriBank; and AgriBank is a stranger to the transactions and occurrences forming the basis of

Plaintiff's complaint. (Doc. 3-1, Affidavit of Jeff Moore; PageID. 39-40). Plaintiff's complaint does not specifically allege that either Moore or Lutz committed any wrongful acts in or directed toward Alabama. There are simply no allegations that link either of these defendants to the state of Alabama at all. Plaintiff has failed to show that this Court can exercise general or specific personal jurisdiction over either Moore or Lutz. Therefore, all claims asserted against them in Plaintiff's complaint are due to be dismissed without prejudice, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction. Because this Court lacks jurisdiction over these two defendants, the Court will not discuss the other grounds for dismissal raised by Moore and Lutz.

**B. Defendant Reed**

Defendant Reed asserts that Plaintiff failed to effectuate proper service of process on him and, accordingly, seek dismissal of Plaintiff's complaint pursuant to Rule 12(b)(5). "Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant." *Hyundai Merchant Marine Co. Ltd. V. Grand China Shipping (Hong Kong) Co. Ltd.*, 878 F. Supp. 2d 1252, 1260-61 (S.D. Ala. 2012). To properly serve an individual under Rule 4(e)(1), a party must, unless federal law provides otherwise, serve the individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

9

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

Accordingly, proper service could be made upon Reed, a resident of Alabama, in accordance with either Rule 4 of the Federal Rules of Civil Procedure or Rule 4 of the Alabama Rules of Civil Procedure. Rule 4(c)(1) of the Alabama Rules of Civil Procedure states that service may be made on an individual "by serving the individual or by leaving a copy of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Alabama law provides for service of the summons and complaint by certified mail as a proper method of service, and this was the method chosen by Plaintiff in this case. Ala. R. Civ. P. 4(i)(2); Doc. 1, PageID. 9-12.

Therefore, to perfect service in this action, Plaintiff was required to serve the summons and complaint on Reed (and the other defendants) in one of the afore-mentioned manners. Reed contends that service was not properly effectuated on him under federal or Alabama law because Plaintiff did not serve him personally nor did she serve him by certified mail at his "dwelling house or usual place of abode." (Doc. 9-2, PageID. 76). A copy of the summons and complaint directed to Reed were mailed by certified mail to 700 U.S. Highway 80, Demopolis, AL 36732, which is the address for a branch office of First South Farm Credit and not Reed's dwelling or usual place of abode. (*Id.;* Doc. 1, PageID. 12, 13, 17). The Court's independent research confirms that the address where service was made is the office of First South Farm Credit in

Demopolis. *See* https://www.firstsouthfarmcredit.com/locations/demopolis-branch. The envelope was not signed for by Reed. (Doc. 1, PageID. 17).

"When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity." *Winston v. Walsh*, 829 F. App'x 448, 450 (11th Cir. 2020) (quoting *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). Plaintiff has not responded to Reed's motion, and therefore, has not met her burden of proving that she properly complied with the relevant service of process requirements under the federal or Alabama rules that govern service of process on an individual. Absent any contrary evidence on this point, the Court cannot find that proper service was made on Reed. Rather, the documents in the Court file dictate a finding that service was not properly made on Reed. Accordingly, the Court concludes that Plaintiff's claims against Reed are due to be dismissed without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## C. Defendants Reed and Brakefield

Defendants Reed and Brakefield move for dismissal of Plaintiff's § 1983 claims against them, pursuant to Rule 12(b)(6), for failure to state a claim. Specifically, Reed and Brakefield argue that Plaintiff has failed to allege that they are state actors as required by § 1983 and that, in fact, they are not. As set forth above, Plaintiff's barebones complaint states that the actions of the four defendants listed therein "have resulted in the wrongful foreclosure of [her] property located at 12560 Coretta Scott King Hwy Marion Ala 36756 which is a clear violation of [her] constitutional rights." (Doc. 1, PageID. 8). She does not support this conclusory statement by describing any actions taken by these four defendants. She mentions that "§ 1983 provides a remedy for

11

individuals whose constitutional rights have been violated by state actors," but she does not allege that any of the four defendants is a state actor. (*Id.*).

While § 1983 does provide a cause of action by citizens against government actors for violating their constitutional rights, to prevail on such a claim, the plaintiff must allege, and ultimately prove, that the challenged actions "(1) deprived the plaintiff of a right secured by the Constitution or laws of the United States and (2) [was] committed by a person acting under color of state law." *Jain v. Myers,* No. 20-11908. 2024 WL 46654, at *2 (11th Cir. Jan. 4, 2024) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F. 3d 1263, 1276-77 (11th Cir. 2003)). "A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances." *Id*. Here, there is no allegation that Brakefield or Reed was a state actor. To state a claim upon which relief can be granted "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Plaintiff has simply not set forth any facts in her complaint that support her "threadbare recital[] of the elements of a [§ 1983] cause of action." Accordingly, Plaintiff's purported § 1983 claims against Brakefield and Reed are due to be dismissed without prejudice.[1]

---

[1] Plaintiff's complaint is silent as to who defendants are and what their roles were in connection to her property and the alleged foreclosure proceedings. However, in their motions, Brakefield explained that he is a practicing attorney in Northport, Alabama and Reed stated that he is an employee of First South Farm Credit. These facts, which cannot be considered on a motion to dismiss, do however suggest that they are not state actors. Accordingly, Plaintiff is advised to consider these statements and the applicable law if she chooses to refile her action.

## IV. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss Plaintiff's complaint for lack of personal jurisdiction filed by Defendant Jeff Moore (Doc. 3) be **GRANTED**; that the motion to dismiss Plaintiff's complaint for failure to state a claim filed by Defendant Marcus Brakefield (Doc. 6) be **GRANTED;** that the motion to dismiss Plaintiff's complaint for lack of personal jurisdiction filed by Defendant Sarah Lutz (Doc. 8) be **GRANTED**; and that the motion to dismiss Plaintiff's complaint for insufficient service of process and for failure to state a claim filed by Defendant Joseph Reed (Doc. 8) be **GRANTED.** Considering the recommendation for dismissal of the federal claim set forth in Plaintiff's complaint, the undersigned Magistrate Judge further **RECOMMENDS** that, to the extent Plaintiff's complaint sets forth a claim for wrongful foreclosure under state law, the Court decline to exercise supplemental jurisdiction over any such purported claim.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **20th** day of **May, 2024**.

                                                s/P. BRADLEY MURRAY
                                                UNITED STATES MAGISTRATE JUDGE