IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TANJA LAVERNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 2:24-cv-13-TFM-MU |
| | ) |
| MARCUS BRAKEFIELD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 20, 2024, the Magistrate Judge entered a Report and Recommendation which recommends Defendants' motions to dismiss (Docs. 3, 6, 8) be granted and this case be dismissed without prejudice. *See* Doc. 15. Further, to the extent Plaintiff's complaint sets forth a claim for wrongful foreclosure under state law, the Court should decline to exercise supplemental jurisdiction. *Id*. No timely objections were filed. But in lieu of objections, Plaintiff filed a document entitled Motion to File Documents Under Seal (Doc. 16, filed 6/10/24). The document contains a seemingly self-drafted document similar to those the Court has seen in sovereign citizen type cases. Defendant Brakefield filed an objection and motion to unseal to the document and notes that the defendants cannot see it because it was filed under seal and Plaintiff did not provide it to the parties. *See* Doc. 17. The Court will first address the motion to seal and then subsequently address the Report and Recommendation.

**A.** **Sealed Document**

The Local Rules require a party who seeks a sealing order to file an unsealed written motion that contains "[a] generic, non-confidential identification of the document to be sealed," "[t]he basis upon which the party seeks the order, including the reasons why alternatives to sealing are

inadequate," and "[t]he duration for which sealing is requested." S.D. Ala. GenLR 5.2(2)(A)-(C). The moving party must also attach to their motion "a proposed unsealed order granting the motion and setting forth the basis for the Court's action" and "file, *in camera and under seal*, the document proposed to be sealed." S.D. Ala. GenLR 5.2(2). However, in addition to that requirement, the Court must also consider public access to courts.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). Further, "[t]he operations of courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 839, 98 S. Ct. 1535, 1541, 56 L. Ed. 2d 1 (1978)). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). The Eleventh Circuit recently reaffirmed the need for "resolute" enforcement of the presumption that the public should have access to judicial records. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021). "What happens in the halls of government is presumptively public business. Judges deliberate in private, but issue public decisions after public arguments based on public records." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). The common-law right of access favors access to judicial records and includes "the right to inspect and copy public records and documents." *Chicago Tribune*, 263 F.3d at 1311. However, the right is not absolute. *Id*. It does not apply to discovery, and where it does apply, it may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1245.

"[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 263 F.3d at 1311-12; *see also Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019) (quoting *FTC v. AbbVie Prods., LLC*, 713 F.3d 54, 62 (11th Cir. 2013)) ("The common law right of access to judicial records establishes a general presumption that criminal and civil actions should be conducted publicly and includes the right to inspect and copy public records and documents. It is an essential component of our system of justice' and 'is instrumental in securing the integrity of the process.") (internal quotations and modifications omitted). "[T]he need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose of which is to assist trial preparation.'" *Romero*, 480 F.3d at 1245 (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)). In short, the distinction lies in the comparison of "material filed with discovery motions and material filed in connection with more substantive motions." *Chicago Tribune*, 263 F.3d at 1312. By way of an example, attachments to a motion to compel are not subject to the common-law right, whereas attachments to pretrial motions which require judicial resolution on the merits are subject to the common-law right. In the latter category, one may only overcome the common-law right by a showing of good cause. *Romero*, 480 F.3d at 1246. This standard parallels the "good cause" standing of Federal Rule of Civil Procedure 26(c) governing protective orders. The good cause "standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune*, 263 F.3d at 1313. When considering that balancing test, the *Romero* Court stated as follows:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other

> factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted).

At present, these matters do not fall within the ambit of discovery and therefore the public access to courts analysis is triggered. Further, and more importantly, Defendant's objection is **SUSTAINED** in that Plaintiff cannot simply file a matter under seal to conceal it from the defendants and communicate *ex parte* with the Court. Plaintiff fails to include a certificate of service indicating a copy was sent to each of the Defendants. Plaintiff also fails to comply with the local rules and general caselaw on sealing issues. For those reasons, the Court would normally simply unseal the documents for the public docket sheet.

However, the Court does note that certain matters include information that would be traditionally redacted (i.e. a birth certificate, social security number, etc.). Therefore, the Court will place a redacted copy on the public docket sheet. The Clerk of Court is **DIRECTED** to send an unredacted PDF copy of the sealed documents to Defense counsel since it should have received it. Next, the Clerk of Court is **DIRECTED** to redact the personally identifying information such as social security numbers and to leave the birth certificate as an attachment under seal. As a result, Defendant's motion to unseal (Doc. 17) is **GRANTED** in accordance with this order as articulated above.

B.      **Report and Recommendation – Adopted as modified below**

Having addressed the sealed documents purportedly filed in response to the Report and Recommendation ("R&R") the Court now turns to the substance of the recommendation. Much like the entirety of this case, Plaintiff does not file any substantive response to the R&R. She does nothing to offset the well-reasoned analysis by the Magistrate Judge. Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified** as the opinion of this Court with the modifications discussed below.

While it is not entirely clear from the complaint whether Plaintiff asserts an Alabama state law claim for wrongful foreclosure, the motion to dismiss (Doc. 6) addressed it as did the R&R. Moreover, the R&R recommends the Court decline "to exercise supplemental jurisdiction over any such purported claim." Doc. 15 at 13. Yet the R&R then goes on to recommend that "Plaintiff's complaint be DISMISSED without prejudice." *Id*. (emphasis removed). However, as this case was removed, the appropriate process would be to decline supplemental jurisdiction and remand the remaining state law claims back to the original state court. The Eleventh Circuit has held that remand <u>is required</u>. *See, e.g., Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010) ("federal district courts in removal cases <u>*must*</u> remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.") (emphasis added); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.") (emphasis added); *see also McDuffie v. Broward Cnty.*, 654 F.

App'x 408, 411 (11th Cir. 2016) (holding same and quoting *Myers* and *Lewis*).

Therefore, to the extent the R&R indicated the state law claims would be dismissed without prejudice, the Court declines to adopt that portion of the reasoning and finds that it would be clear error to dismiss the state law claims, even without prejudice. Instead, the Court simply remands the state law claims against Defendant Marcus Brakefield for further resolution by the state court.

Next, while Defendant Brakefield's motion to dismiss requests dismissal of all the claims with prejudice, the R&R only references dismissal without prejudice and Defendant Brakefield did not file any objections to the R&R. Therefore, in addition to the modification on remand, the Court further notes that while the R&R states Defendant Brakefield's motion to dismiss be granted, in reality, the motion is granted in part and denied in part.

## Conclusion

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified** as the opinion of this Court with the modifications discussed above. Therefore, it is **ORDERED** as follows:

(1) The *Motion to File Documents Under Seal* (Doc. 16) is **DENIED** and the *Objection to Motion to File Documents Under Seal and Motion to Unseal* (Doc. 17) is **SUSTAINED** and **GRANTED**. However, the documents do contain certain personally identifiable matters that are normally redacted, the Clerk of Court shall redact out the appropriate matters and place the redacted copy on the docket sheet and leave the original version sealed. The Clerk of Court shall also send a PDF copy of the originally filed document (Doc. 16) to the defense counsel by email.

(2) To the extent the motion to seal (Doc. 16) constituted objections to the Report and

Recommendation, those objections are **OVERRULED**.

(3) Defendant Jeff Moore's *Motion to Quash Service and to Dismiss Complaint* (Doc. 3, filed 1/12/24) and *Defendants Sarah Lutz's and Joseph Reed's Motion to Dismiss and Quash Service* (Doc. 8, filed 1/18/24) are **GRANTED**. Defendants Jeff Moore and Sarah Lutz are **DISMISSED without prejudice** for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Further, Defendant Joseph Reed is **DISMISSED without prejudice** for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

(4) Defendant Marcus Brakefield's *Motion to Dismiss* (Doc. 6, filed 1/17/24) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent the federal claims against him are **DISMISSED without prejudice** under Fed. R. Civ. P. 12(b)(6). The motion is denied to the extent it requests dismissal of all claims with prejudice. The federal claims are dismissed without prejudice and the state law claims are **REMANDED** to the Circuit Court of Perry County, Alabama. Nothing in this order precludes Defendant Brakefield from raising arguments in an appropriate motion to dismiss before the state court.

The Clerk of Court shall take the necessary steps to effectuate the remand.

A final judgment will issue separately pursuant to Fed. R. Civ. P. 58 as to the federal claims asserted against Defendant Marcus Brakefield and all claims against Defendants Moore, Lutz, and Reed.

**DONE** and **ORDERED** this 2nd day of July, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE